Good morning, Your Honors. May it please the Court. May I proceed? I represent Kristen Smith. Mrs. Smith was injured in a rollover crash, single vehicle accident in rural Missouri while driving a 1997 Toyota 4Runner. At trial, she sued Toyota for two counts, products liability under strict liability doctrine and under negligence. There are two issues raised in the brief. One is the propriety of entering summary judgment on the seat belt design defect claim and the other is the admission of hearsay evidence through an expert at trial and whether that was prejudicial error. I'm going to focus on the first issue that's brief, which is the issue regarding the federal rules of evidence and the admission of hearsay evidence through an expert witness. This issue arose at trial because Mrs. Smith has the burden to prove that the vehicle was not modified under Missouri law in a manner that would have caused the accident and her injuries. During her case in chief, she presented evidence that the vehicle was no modifications that would have affected its stability or its rollover propensity. There was some evidence that there was a modification that were relevant, tire size that was slightly different. All the experts agreed that didn't have an effect. There was a brush guard that had no effect, but there were no modifications introduced during her case in chief that the vehicle had been modified in a way that would have affected the integrity of the vehicle as far as rolling over. In the defense case, they intended to present evidence and announced they would present evidence through the prior owner of the vehicle, who they had a declaration from that said that he had made modifications to the vehicle. But the testimony of the defense expert that's in the addendum, you said that the increased tire size required raising. So how can you just categorically say that only this lift kit issue wasn't a relevant modification? I understand your Honor's question. I'm not a vehicle expert. I can say the vehicle experts who testified both said the tire size was not a factor in the vehicle rolling over. I assume there was something there that Toyota would have presented evidence to support that argument and plaintiff's expert and the defense experts both said that was not a factor in the roll over. What about the fact that you didn't object? I mean, why isn't that dispositive? Judge, I understand that's going to be an issue in the case as it's been briefed. My response to that would be that the objection was made. In the first instance, it did come up in unusual context. Normally, dobbered issues come up early in a case. I'm talking about this case. There was a bench conference here to be resolved. Nobody objected. Nobody asked for a ruling. The testimony came in. Nobody objected. Why wasn't that a problem for the plaintiff? The first instance this came up was after Toyota announced it was not going to call its prior owner as a witness. When they announced they were going to ask their expert about statements that were in the prior owner's declaration, sworn declaration, plaintiffs objected. They objected saying that this was an improper way to get hearsay before the jury. There was a discussion after that and the judge appeared to, in defense of what their tactic was, that it was proper under Rule 703, which allows an expert to discuss, to rely on, to discuss hearsay. At the end of the colloquy, the defense counsel said how he was going to question, how he was going to deal with this issue when it resumed. The last word from the plaintiff's counsel was, okay, and nothing else was ever raised to the court again. That's what I got out of the transcript. You're correct. During trial, you're correct. That was the end of the discussion until the post-trial motion. What was the court supposed to do, Sue, responding? Well, Your Honor, that's a good question and a fair question. It's the only question. Well, I understand. My response would be that Kumho Attire v. Carmichael recognizes a special duty on trial judges to assess the reliability and relevance of expert testimony. As part of that discussion in Kumho, the court says that whenever the expert testimony is called sufficiently into question, the trial judge has a duty to conduct essentially a Dawbert analysis. But it wasn't called into question. That's the whole point. If it was called into question and there was a conference in front of the court in which the lawyers worked out an accommodation that would permit the expert to give his opinion and what he was relying on and why, and the plaintiff's counsel said, okay, and then it proceeded in that fashion. What line in the transcript after this colloquy, when was the court supposed to intervene and do what? Well, our position would be the court did make a ruling. In its post-trial order, the court indicated it did make a ruling and it did allow Mr. Carr, the expert, to testify regarding the hearsay declarations that were in the prior owner's declaration. And he did make a ruling. He said he made a ruling. The issue was teed up initially by the plaintiff's attorney that this was a method to get hearsay before the jury. It was improper under the 703 allows. So no matter what happened after that phantom ruling, nothing more could have been done by the expert had to drop, defense had to drop this subject? This isn't an ambush tactic. It isn't as though the plaintiff did not raise any objection beforehand. No, it's not a question of ambush. It's a question of what ruling did the court make? If the court made a ruling, and I'm not sure it did explicitly, but if it made a ruling it was before that discussion between the counsel that ended with plaintiff's counsel saying okay. And then they went back in front of the jury and there was a series of questions and answers. Which consistent, well, if inconsistent with the resolution in chambers, plaintiff's lawyer said nothing. Give me a line in the transcript where the court should have said wait a minute. I think by objecting to hearsay that you are putting an expert on the stand whose function will be to say what someone out of court said. So now we're into he wasn't an expert? Oh no, he's qualified as an expert. The point is though, you raised that objection, you had the colloquy, there was the okay at the end. Then there was more questioning of the witness. And the question is why should we expect the lawyer then to object if the objectionable hearsay comes into play again? Why isn't it fair to hold the plaintiff's lawyer to that obligation? Well Judge, it would always be better to object than to repeat your objections throughout and to avoid these sorts of questions. I anticipated the court's questions and I appreciate the court's concerns. It's a different objection though. After the discussion in chambers and the judge hears an apparent agreement with the lawyers how to proceed, and then they proceed in front of the jury, now it's a new objection. We have a new universe. This is not the same situation as when the initial objection was made. Isn't that obvious? It's still hearsay, Judge. Where's the hearsay? I'm not even sure where there's hearsay. The expert testified that the... He's allowed to state what he learned, that he relied on his opinion and why. I disagree with that under the amended Rule 703. That's not necessarily the case. It's if they're otherwise inadmissible. The part you're worried about is where he reports what the prior owner told him. Sure. Essentially, the entire case turns on if the vehicle is lifted, the plaintiff can't win. The plaintiff's expert conceded that point. There was some general questioning. If you change the height of the vehicle, Toyota's counsel asked the plaintiff's expert and the plaintiff's case chief, if you would raise the height of the vehicle, it would change the rollover resistance and the vehicle would be more prone to rollover. The plaintiff's expert agreed. It's common sense. Frankly, the higher the vehicle is, assuming all things being equal, it's more likely to rollover. Does it matter at all that plaintiff's counsel cross-examined the expert on this issue and actually brought out what the prior owner told the expert? One of those things was, I'm not sure it was lifted. I think that was dealing with the situation as best you can. Once the evidence was in, I think it was fair to cross-examine about that. I don't think that waives anything. I understand the preservation issues initially raised by the court, but I don't think there's an issue about questioning about the reliability of the prior owner's declaration, the statements in the declaration. But that's the problem. How can you cross-examine an expert who didn't even get the affidavit? The affidavit was procured by trial counsel. He's being handed that declaration. I'm not saying it's inappropriate for an expert to rely on what a prior owner might say. He doesn't testify. That's what experts in the field reasonably rely on, what prior owners would have done to their vehicle. But assuming that he could rely on that, he didn't even question the prior owner. He's relying on what the trial lawyers, or Toyota, provided in the declaration that they got from the prior owner. There's no way to cross-examine the expert about that. He doesn't know. He just knows you're cross-examining a piece of paper, apparently. We have a declaration that's one or two pages long. One thing I'm curious about is, as I understand it, the plaintiff destroyed the vehicle and then brought the lawsuit. Is that right? The plaintiff's husband was a part of it. Essentially, yes. The plaintiff's husband scrapped the vehicle. Was there any discussion of spoliation instruction or anything like that? I know it's not an issue of background. Did that come up? Judge, it didn't come up. In my recollection, it came up in pretrial context and the court ruled that that's just an issue of fact that the jury can consider. That's my recollection. There's no instruction. Why isn't it relevant to the 703 issue? I'm sorry, Judge. I don't understand the question. What is relevant? This question of the expert relying on what he was told, the only reason he had to rely on what someone else told him is that the plaintiff's husband had destroyed the car before the trial. Now, it seems to me that should be very relevant to the evidentiary issue. Judge, I'll concede that whatever the prior owner would testify to a trial is relevant. He just wasn't called to testify. You could have subpoenaed him for rebuttal. I'm not sure that was feasible under the sixth day of the seventh day trial when this came up and the prior owner lived in Chicago. Of course it's feasible. A lawyer can always say to the judge, since they're going to do it this way, I want to subpoena the declarant here. I can tell you that was not done, but I don't know that that's the plaintiff's burden to subpoena the prior owner to combat hearsay. Of course it is. When you've got a borderline 703 issue and the court says, I think under all the circumstances this is appropriate expert testimony to rely on an affidavit, opposing counsel should say, well fine, I'm going to subpoena the declarant. My cross-exam can't be thorough without the declarant. You do it. In a 95 out of 100 trial court, judges would say, go ahead. Judge, there was some evidence that the plaintiff's tried to introduce of the person who had the scrap vehicle in his parking space who said that he looked at the vehicle and he took some parts of the vehicle and realized that it hadn't been lifted. That affidavit was stricken because it was past the discovery deadline. So there was some effort made. But the other thing, the rule, Judge, that I think you're articulating is dangerous in that you can let a plaintiff or a defendant circumvent the hearsay rules and then put on the other part of the obligation to subpoena the witnesses to provide the substantive evidence that Rule 703 prohibits the disclosure of the jury. I think that's a dangerous rule. I understand that potentially as an option, but I can't imagine that the plaintiff would be forced into doing something like that. It's not a question of force, it's a question on appeal of what's the ramifications of not doing it. My position would be that they cannot, under 703, introduce anything that Mr. Sell said at trial unless the court makes a finding that the probative value substantially outweighs the prejudicial effect. Or unless he testifies. Then it's not hearsay. The prior owner? Yeah. Oh, the prior owner. Yeah, if the prior owner had testified. That's my point. Subpoena him for rebuttal. But that's the point of all the cases we cite in the brief, is the proponent shouldn't be allowed to circumvent the rules of evidence by just relying on the declaration or hearsay. Well, given the spoliation, I don't think it was a circumvention. I can see it was a close question. They made the decision not to call him. They said, we've decided we're not going to call him. Fine. Lawyers make tactical decisions all the time. And usually it's with both eyes on the jury and not on appeal. And then we get this kind of a record. Well, Judge, I would direct the court to the Williams v. Illinois case where the Supreme Court addressed, this was one of the concerns, is that parties would rely on experts that just, their bases were total hearsay evidence. And they said the remedy is screen the experts so they can't do it. And if ultimately they can't testify to hearsay, and ultimately if the only, there's no evidence. There was no Daubert pre-trial motion. But the issue didn't arise until Mr. Sell, they decided not to call Mr. Sell to testify. Everybody thought he was going to testify. So you wouldn't. I understand. Yeah. Thank you. Thank you. Let's hear from a closing comment. Good morning, your honors. I sympathize with my colleague. He's got a tough case. And really, I think, faces an insurmountable waiver problem on the claim of error that he presents. I'm not going to overstate my welcome. I obviously want to answer all of your questions. I did want to make a few points that I think came out of that colloquy. One is that it is critical to appreciate the background for how this arose. Under Missouri law, the plaintiff, not us, the plaintiff has the burden to prove the vehicle is in materially the same condition as it was 15 years earlier before the accident when it was sold. The plaintiff destroyed the vehicle after photographing the accident scene, after talking to a local judge about suing Toyota. And then there's an additional failure to preserve because they don't go get the testimony of the prior owner, whom everyone concedes installed modifications for heavy off-road use. Everyone concedes he installed a big steel brush cage. I'm not saying that increases rollover propensity. He also installed what's called a snorkel, which lets you drive basically through water so deep the engine is submerged. And those are relevant, not because those modifications increase rollover propensity, but as our expert explained, if you're going to do those things, you are most definitely going to raise the suspension so you have better clearance. It really wouldn't make any sense to do those things without the other. Now there are two related objections that was presented by the appellant in the brief. One of them is straight up that our expert should not have been able to rely upon Mr. Sell's statement. Not only did the plaintiff not object on that basis, he immediately and affirmatively volunteered, and I'm quoting from the transcript, he can rely upon the affidavit to reach his opinions. Page 101. The witness is permitted to give his opinion and say part of my opinion is based upon the affidavit of Mr. Sell, reading from 102. He cannot tell the district court that. He cannot tell us that and then come to you and say we didn't lay a foundation. The district court didn't make the right factual finding. He does say you shouldn't be allowed to have your man go up there and say the prior owner said X, or a prior owner said I lifted it, and that's what you kind of got in through the expert, and the question is why should we let you do that? Why shouldn't we say you've got to call the guy who was the prior owner, have him testify to it, and then have the expert say in light of what the prior owner says, this is my opinion? Sure. Why isn't that how it's supposed to go? That is the way that it would typically go if the plaintiff presses that point and obtains a ruling from the court, and that is the if that matters here. You're right. There was an objection on that basis. What's missing from that part is a ruling. Under Federal Rule of Evidence 103, it is the plaintiff's responsibility to procure a definite ruling on his objection, and the committee notes clarify that if there's any doubt in counsel's minds as to the court's position, you have to clarify it on the record. You can't just rely on the judge's perceived body English to preserve an issue. As I think became clear in the colloquy with my colleague, if you read pages 101 to 103 of the transcript, there is a discussion between counsel, and they reach an apparent agreement about how they're going to go forward. The district courts literally only input in this is to say, so as I understand it, you, Toyota's counsel, are going to get in what you want to get in under this method proposed by the plaintiff. And Toyota's counsel says, I won't put the affidavit in. We didn't. But I will ask, why did you rely on it? We did. What about the information you were provided you rely on? We did that, and the plaintiff says, okay. And after that, there's no objection to any question, no objection to any answer, no objection to any argument. I do want to point out that the holding that my colleague referred to and cites at pages 36 to 37 of his appellate brief, is a holding that appears solely in the motion for new trial. I think I maybe could have done a better job of pointing that out in the brief in the first place. That is not a ruling that occurs during the trial. It is only then that the district judge actually says, this is properly admitted. Well, if the court didn't explicitly say it in the transcribed colloquy, but says this was my ruling, isn't that binding on us? Well, I don't recall the order saying, this is what I ruled during trial. It may say that. It may not. But that can't change what he actually. You don't know? You don't know whether he says that? I guess we should look that up. I think we should. I have that at council table, if you would not mind me going back to grab that. It's on page five of the order, I think. Yes, Your Honor. It says the court did not allow defendants to submit the underlying direction, but only allowed Mr. Carr to explain his basis for forming his opinion as to the cause of the crash. It is true the court allowed that, but you have to probe beneath that and read the transcript and ask yourself, why did he allow that? Did he allow that over plaintiff's objection? No. He allowed that because plaintiff explicitly conceded we could do that. And to treat a post-trial statement as a preservation puts us in a terrible position because, for example, if that objection, if there was a ruling by the district court, we could have assessed, do we want to rely on this? Do we want to call the witness? If there was a ruling by the district court or oppressed objection by the plaintiff, we could lay additional foundation. What's the argument for why this would be permissible use of hearsay through an expert? Even if he forfeited, I mean, I guess there's a forfeiture versus waiver issue. Correct. But if it's just a forfeiture, I suppose there might be some daylight. It's an obvious error. What do you have to say about that? A couple of things. For one, the intentional relinquishment of a right. No, I know the difference between forfeiture and waiver. I'm assuming we get to the merits of the 703 issue. Sure. What is the argument for why you can do this? There are two facets of it. There's the aspect, can he rely? And then there's what can he tell the jury? So I'll talk about both of those things. Can he rely? Yes. Without the vehicle to examine. You already addressed that. The question was just on. You don't want to answer the hard question. No, Your Honor. Why should the expert be able to testify? The prior owner told me that he lifted the vehicle. Why isn't that objectionable hearsay? Because the probative value of knowing that basis for the expert opinion substantially outweighs the prejudicial effect. That's the test at the end of Rule 703. And if you look at the way this went down, it's pretty clear. They affirmatively volunteer that he can rely on this and that he can say, I'm relying on information the vehicle was lifted. So he can do that according to what they say. And then the question then becomes, is it better for the jury to know the exact text of the statement made by Mr. Sell? And yes is the answer to that. And you see that play out in the transcript on pages 187 to 189 of Volume 6, where the plaintiff uses the text of that affidavit to cross-examine our expert. And as Judge Kobus pointed out, essentially used some of the looseness in the language or the arguable ambiguity of the affidavit to his advantage. So that is a lot better than if Carr had simply said, as plaintiff affirmatively conceded he could have said, my investigation revealed that the suspension had been lifted. How do you cross-examine that? You cross-examine that by putting in the exact statement, and that's what the plaintiff chose to do. So if we were here with a properly preserved – Then you've got two experts who've been able to see the car. That obviously – And they can duel it out. We're already at Plan B or C at this point, right? It brings me back to the relevance of the spoliation. That is exactly right. The other – So I don't want to leave that point until you're as satisfied as I can get you, because I don't at all mean to duck it, and I'm not afraid of it. Well, I hear what you're saying now. You seem to be saying once they agreed that he could give an opinion based on saying what his investigation learned, then there's not really any harm in letting him say exactly what the investigation learned. I thought that's a little different than – In your brief on page 29, you have this theory about rebutting the methodology of the plaintiff's expert. Well, that really speaks to – I didn't quite understand – Sure, that speaks to a different issue. One of my colleagues' argument is that talking about the vehicle having been lifted wasn't an expert opinion at all. And my point there was you have to place that in the context of the broader opinion he was offering, which is that under these circumstances, without the vehicle, with the scant photographic evidence, that it is not proper, and it is not to industry standards for their expert, Mr. Arndt, to have opined that the vehicle wasn't lifted and that it was in factory condition. And that one of the things that he could not ignore is the information from the prior owner under these circumstances when you don't have the vehicle. But I do – So you mean bringing in what the prior owner told your expert was a way of undermining the methodology of the plaintiff's expert? That's no question about it. That's one of his points. And so I have my notes that you should read pages 248 to 249 of Volume 6 on this point. All right. I suspect there's other things. What about the exfoliation that Judge Loken wanted to ask? I don't think it was the subject of a motion. Honestly, it may have been the subject of a summary judgment motion brought by Toyota, but it wasn't granted and we're not here on that. I don't mean it in terms of exfoliation ruling. I'm just calling it exfoliation because that was its practical effect. It's the only reason we're talking about the prior owner. It's their fault. If the court says this is a fact-bound issue and it's not appropriate for any kind of preclusive ruling, then the way these experts dueled it out without the evidence that they would have had if they had personally examined the vehicle strikes me as quite fair. I think that's – Well, I certainly agree with you, Your Honor, for so many reasons. And, Judge Caldwin, what I would welcome you doing is having your clerks pull maybe pages 202 and 203 of the transcript and read what it is that plaintiff volunteers we can do. I might even pull it myself. Sure. So look with me on page 102. You switched on me from 202 to 102. That was because I misspoke. I always meant to say 102. We're in Volume 6. Look, that's the colloquy between the lawyer. Right. Exactly. And so it's like lines 14 to 18. This is plaintiff's counsel talking. He can't just say, did you rely on it? Now tell us what he said. He can't do that. He can say, why did you rely upon that and how does it support you? Well, it supports me because of A, B, and C. But he can't say Mr. Sells said. And then we say, well, he's going to say he supports it because I understand spacers have been put on the vehicle. And plaintiff responds, that's not what the affidavit says, which I think is some allusion to your point that the affidavit is not as definite as it might be. But if he wants to say that, he is permitted to say, I am relying upon this. Why does it help you? Why do you rely upon it? Because it supports my opinion that this vehicle had this or this vehicle had that. He is not permitted to say Mr. Sells said. And so if we can do that as they affirmatively volunteer, they are better off with the text of the statement in the record and subject to cross-examination than otherwise. If there was a proper preservation, they would have to show you a clear abuse of discretion. A clear abuse. Would that have been a clear abuse of discretion for Judge Weber to say, under these circumstances, given what you've agreed he can do, I think it's fine to use the statement. I mean, the plaintiffs are the one who introduced that statement into the record on cross-examination. And that's page 188 of the transcript, maybe starting about line 7 and going on to the next page. What statement? Now you've completely lost me. I'm so sorry, Your Honor. So the way this went down, when we presented this, our expert did not read from Mr. Sells' affidavit. He did not read. No, I've read those pages. Page 104. So exactly. And so my point was this. When the plaintiff comes around to cross-examine our expert, it is the plaintiff who uses the text of the statement in the cross-examination. That's the first time the jury knows the exact words. The text of the affidavit? Yes, Your Honor. I'm sorry. The affidavit, yes. The declaration. And that's pages 188 to 189. Now, I get my colleague's point that if there had been a definitive ruling, at that point you're free to try to limit the damage by using the evidence that comes in. I understand that black-letter law. But again, there was no definite ruling. And so that's another waiver. I have 48 seconds. I'm happy to sit down having not used that, but I certainly wouldn't want to leave any question you might have unanswered. I take that silence as a sign that I should sit down. Thank you. Mr. Yackel had any? Pardon? His time had expired. I'll give you a minute if you'd like. I just have one thing I'd like to direct the court's attention to, is Rule 703 clearly prohibits what was done here, and they ran clearly in the face of it. Even the last sentence? Yes. There's no finding that was ever made that this substantially outweighs, the probative value substantially outweighs. Even if it's inadmissible, if its probative value outweighs its prejudice, the court may let it in. And no finding was ever made to that effect, that there was any balancing test done. I mean, I would just direct the court to Williams v. Wait. Yeah, there was no balancing done because there was no objection to rule on. If an objection had been made under 703 after the testimony on page 104 by the expert, then the court would have opened up Rule 703, probably would have asked the lawyers, is the standard here similar or identical to Rule 403, which I encounter all the time? And he would have made his ruling. Again, we've got at least forfeiture, if not waiver. My response, and I'll close, is that the different rules apply to experts under the Kumho Tire Standard. Okay. I understand that. This was not a Dawbert inquiry. Thank you, Your Honor. Thank you, Counsel. The case has been thoroughly briefed and argued, and we'll take it under advisement.